IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MALCOLM MCCLENON, 1019574, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:05-CV-610-N |
| ) | ECF |
| NATHANIEL QUARTERMAN, Director, ) | |
| TDCJ-CID, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

      This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Procedural Background**

      Petitioner challenges his conviction for possession with intent to deliver cocaine, with a deadly weapon finding. *State of Texas v. Malcolm McClenon*, No. F00-02295-L (5th Dist. Ct., Dallas County, Tex., Nov. 29, 2000). A jury found him guilty and assessed punishment at eleven years in prison. *Id*. His conviction was affirmed on appeal. *McClenon v. State*, No. 08-01-00031-CR (Tex. App. – El Paso, Feb. 27, 2003, no pet.). He did not file a petition for discretionary review.

      On March 26, 2003, Petitioner filed a state application for writ of habeas corpus. *Ex parte McClenon*, No. 57,000-01. (Tex. Crim. App. March 26, 2003). On October 1, 2003, the Court of Criminal Appeals dismissed the writ because Petitioner's direct appeal was still pending. On December 1, 2004, Petitioner filed a second state habeas application. *Ex parte*

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**    Page -1-

*McClenon*, No. 57,000-02. On March 2, 2005, the Court of Criminal Appeals denied the application without written order on the findings of the trial court.

On March 24, 2005, Petitioner filed this federal petition for writ of habeas corpus. He argues: (1) he received ineffective assistance of counsel; (2) his due process and equal protection rights were violated under *Batson v. Kentucky*, 476 U.S. 79 (1986); and (3) the evidence was insufficient to support the conviction.

## II. Factual Background

The following factual background is taken from the opinion of the Eighth District Court of Appeals.

> On the evening of December 2, 1999, [Petitioner] was a passenger in a Cadillac sedan that stopped near a vacant lot in the 3000 block of Alabama Street in Dallas, Texas. A group of men were standing in the lot, which was notorious for drug dealing. The driver, later identified as William Jackson, got out of a tan Cadillac and walked to the adjacent house. As Jackson walked past the men, he joked with them by pulling out a pistol and pointing it at them. Everyone laughed. This was observed by a uniformed Dallas police officer, Frederick Frazier, who had been surreptitiously surveilling the lot from the rooftop of a church building adjacent to the lot.
>
> Jackson entered the house and stayed only a few minutes before returning to the car. The [Petitioner] had been seen getting out of the Cadillac's rear passenger seat and standing by the front passenger door. Both men got back in the car and drove off. Officer Frazier radioed his partner, Officer Kurt Hibbets, who was waiting in a parked patrol car a block away, that the driver of the Cadillac had a weapon. Officer Hibbets saw the Cadillac, followed it, and when the Cadillac ran a stop sign, he pulled it over. Another patrol officer, Anthony Smith, arrived at that same moment to provide backup.
>
> As the officers approached the car, they smelled the odor of marijuana. They asked Jackson and [Petitioner] to step outside the car. Officer Smith discovered that the [Petitioner] had a pistol in his jacket. The subsequent search of [Petitioner] revealed a plastic ziplock bag that had two smaller bags of crack cocaine and a loose rock of crack cocaine and an empty cigarette pack with seventeen small bags of crack cocaine. Jackson and the woman passenger were released.
>
> Moments later, Officer Frazier radioed that he believed that a drug deal was about to occur and asked Officers Smith and Hibbets to converge on the Alabama Street lot.

>   After Hibbets and Smith arrived, Officer Frazier realized and told the other officers that he had not seen [Petitioner] with the pistol but rather the driver and described Jackson.
>
>   Officers Hibbets and Frazier and [Petitioner] in custody left the area to book [Petitioner]. Officer Smith left but a short distance away, he spotted the Cadillac. Jackson was driving with the same woman in the front passenger seat and another man in the rear passenger seat. Officer Smith stopped the Cadillac again and arrested Jackson for driving with a suspended driver's license. During the inventory search of the car, $1,200 was found in a purple Crown Royal bag in the glove compartment. There were three $50 bills, twenty-nine $20 bills, twenty $10 bills, forty-six $5 bills and forty $1 bills.

*McClenon v. State*, No. 08-01-00031-CR (Tex. App. – El Paso, Feb. 27, 2003, no pet.), Slip Op. at 1-2.

### III. Discussion

**1.   Standard of Review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

>   (d)   An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>   (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>   (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v.*

*Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

This amendment applies to all federal habeas corpus petitions which are adjudicated on the merits in state court after April 24, 1996. *See Lindh*, 521 U.S. at 336. The petition in this case is subject to review under the AEDPA.

**2.      Ineffective Assistance of Counsel**

Petitioner claims he received ineffective assistance of counsel because his counsel: (1) failed to suppress evidence of the money found in the car; (2) failed to suppress evidence of the gun found in Petitioner's pocket; (3) failed to exclude extraneous offenses; (4) failed to prevent the seating of an all-white jury; and (5) failed to inform Petitioner he could object to the jury.

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**          Page -4-

309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

(A) Gun Evidence

Petitioner claims his counsel was ineffective because he failed to suppress evidence of the gun that police officers found in Petitioner's jacket. Petitioner states the indictment did not allege a deadly weapon, so this evidence should have been suppressed. Under Texas law, a defendant is entitled to notice that the state will seek a deadly weapon finding. *In re Brooks*, 847 S.W.2d 247, 248-49 (Tex. Crim. App. 1993) (citing *Ex parte Patterson*, 740 S.W.2d 766, 775 (Tex. Crim. App. 1987). The state, however, is not required to allege a deadly weapon in the indictment. *Id*. In this case, the state provided written notice on November 22, 2000, that it intended to seek a deadly weapon finding. (Clerk's Record at 5). Petitioner has failed to show a basis for suppressing this evidence. His claim of ineffective assistance of counsel should be denied.

(B) Procedural Default

Petitioner's remaining ineffective assistance of counsel claims are procedurally defaulted. If a state court has declined to address a prisoner's federal claims because the prisoner failed to meet a state procedural requirement, such as filing a petition for discretionary review, the procedural bar applies. *See Coleman v. Thompson*, 501 U.S. 722, 729-31 (1991). The general rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply when a petitioner has not presented his claims to the highest court of the state and the state

court to which he would be required to present his claims would now find the claim procedurally barred. *Id.*

The record reflects that Petitioner did not raise these ineffective assistance of counsel claims on direct review or in his state habeas petition. Accordingly, the Texas Court of Criminal Appeals has not reviewed the claims. If this Court were to require Petitioner to return to state court to exhaust these claims, they would be subject to dismissal. Federal courts ordinarily will not review questions of federal law when such a state procedural bar exists.

To overcome the procedural bar established by the abuse-of-the-writ doctrine, a petitioner must demonstrate: (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider the claims will result in a "fundamental miscarriage of justice." *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997) (citing *Coleman*, 501 U.S. at 750). Petitioner has not shown sufficient cause for his failure to present these claims to the Texas Court of Criminal Appeals.

Petitioner has also failed to demonstrate the need to prevent a miscarriage of justice. This exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To establish the required probability that he was actually innocent, a petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show it was more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Id.* (citing *Schlup*, 513 U.S. at 327). Petitioner has presented no new, reliable evidence showing that it was more likely than not that no reasonable juror would have convicted him. Petitioner has not

overcome the state procedural bar. Accordingly, the procedural default doctrine bars federal habeas relief on these ineffective assistance of counsel claims.

**3.     *Batson v. Kentucky***

Petitioner argues his due process and equal protection rights under *Batson* were violated when the prosecution purposefully excluded African-Americans from the jury. Petitioner, however, failed to raise a *Batson* claim at trial. Failure to raise this claim at the trial level precludes federal habeas review. *Harris v. Collins*, 990 F.2d 185, 187 (5th Cir. 1993); *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994). Petitioner's *Batson* claims should be denied.

**4.     Insufficiency of the Evidence**

Petitioner argues the evidence was insufficient to support a finding of "intent to deliver," and was insufficient to support a deadly weapon charge. Federal habeas review of an insufficiency of the evidence claim is extremely limited. A federal court may not disturb a conviction in a state criminal proceeding unless no rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Gibson v. Collins*, 947 F.2d 780, 781 (5th Cir. 1991). The evidence must be viewed in the light most favorable to the verdict. *Jackson*, 443 U.S. 319; *Gibson*, 947 F.2d at 781. This standard of review applies in both direct and circumstantial evidence cases. *Schrader v. Whitley*, 904 F.2d 282, 287 (5th Cir. 1990).

Under Texas law, a person commits possession with intent to distribute cocaine: "if the person knowingly manufactures, delivers, or possesses with intent to deliver [cocaine]." TEX. HEALTH & SAFETY CODE § 481.112(a). In this case, the record shows that Officer Hibbets testified that once Petitioner exited the vehicle, Officer Smith conducted a pat-down of Petitioner

and found a handgun in Petitioner's pocket. (Trial Tr. Vol. 3 at 45). Officer Hibbits then searched Petitioner and found a "sandwich type baggie, that contained two smaller baggies of crack cocaine; and then also contained in that baggie was a loose rock of crack cocaine that was not packaged, also an empty Newport cigarette pack which had 17 small clear baggies of crack cocaine inside of it." (*Id*. at 50-51).

Officer Frazier testified that a drug user who was going to buy hundreds of dollars worth of crack cocaine would more than likely buy a "slab," rather than seventeen small baggies, to avoid getting "ripped off." (*Id* at 186-87). Officer Ragsdale, who testified as an expert of illicit drug transactions, testified that distribution of crack cocaine, especially the seventeen small bags that Petitioner had, was consistent with an intent to distribute. (*Id*. at 205-08).

Viewing this evidence in the light most favorable to the verdict, the Court finds that the evidence was sufficient to prove beyond a reasonable doubt that Petitioner possessed cocaine with intent to deliver.

Additionally, Petitioner challenges the finding that he used or exhibited a deadly weapon. Under Texas law, "used" a deadly weapon during the commission of a felony offense "means that the deadly weapon was employed or utilized in order to achieve its purpose." *Patterson v. State*, 769 S.W.2d 938, 941 (Tex. Crim. App. 1989). A deadly weapon may be "used" even if it is merely possessed, if that possession facilitates the felony offense. *Id*. (finding weapon was "used" because it protected and facilitated defendant's care, custody and management of the drugs); *Coleman v. State*, 145 S.W.3d 649, 654-55 (Tex. Crim. App. 2004) (finding display, use, or reference to weapon is not a prerequisite for finding "use" of a deadly weapon); *Gale v. State*, 998 S.W.2d 221, 226 (stating that unloaded weapons in close proximity

to marijuana was sufficient for finding "use" of a weapon to facilitate possession of marijuana). Viewing this evidence in the light most favorable to the verdict, the Court finds that the evidence was sufficient to prove beyond a reasonable doubt that Petitioner used a deadly weapon.   This ground for relief should be denied

**5.** **Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest.  Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 26th day of July, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND <u>NOTICE OF RIGHT TO OBJECT</u>

The United States District Clerk shall serve a copy of these findings and recommendations on the parties.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy.  A party filing objections must specifically identify those findings and recommendations to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).